UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-324 (2) (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| FRANKLIN WARREN SAM, JR., | |
| Defendant. | |

Franklin Warren Sam is charged with conspiring to make a false statement in the purchase of a firearm in violation of 18 U.S.C. Sections 371 and 922(a)(6), as well as eight counts of making false statements in the purchase of a firearm in violation of 18 U.S.C. Sections 922(a)(6) and 924(a)(2). Sam moved to dismiss the indictment, arguing that Section 922(a)(6) violates the Second Amendment of the United States Constitution in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). (ECF No. 41 at 4.) In an Order and Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends dismissing Sam's motion to dismiss. (ECF No. 76 ("R&R") at 24–28.) Because Sam objects to this recommendation, (ECF No. 82 ("Obj.")), the Court reviews the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2. Based on that review, the Court overrules the objection and accepts the R&R.

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. *Bruen* sets forth a two-prong test for evaluating the constitutionality of firearms regulation. First, the court must determine whether "the Second Amendment's plain text covers an individual's conduct." 597 U.S. at 24. If so, the government must show that the regulation is consistent with the "historical tradition of firearm regulation" in this country. *Id.* The R&R concluded that Section 922(a)(6) fails *Bruen*'s first prong because it "does not criminalize Defendant's possession of a firearm; it criminalizes making false statements." (R&R at 26.)

Section 922(a)(6) prohibits a person from knowingly making "any false or fictitious . . . statement" intended or likely to deceive a firearm dealer with respect to any fact material to the lawfulness of the sale of a firearm. 18 U.S.C. § 922(a)(6). Sam maintains that Section 922(a)(6) satisfies the first prong of *Bruen* because the "right to keep, bear, have, or carry arms implies a corresponding right to purchase and obtain arms—without the right to purchase firearms, the right to bear arms would be meaningless." (Obj. at 3.) And so, according to Sam, "the conduct at issue in Section 922(a)(6)—that is, the right to purchase and, consequently, bear arms—is covered by" the Second Amendment. (*Id.*)

Sam relies on *District of Columbia v. Heller*, 554 U.S. 570 (2008), which held that the Second Amendment protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 597 U.S. at 8–9 (summarizing *Heller*, 554 U.S. 570). *Heller* explained that "nothing in our opinion should be taken to cast doubt on

2

longstanding prohibitions on . . . laws imposing conditions and qualifications on the commercial sale of arms." 554 U.S. at 626–27; *see also United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (noting that *Bruen* reaffirmed that the right to keep and bear arms "is 'subject to certain reasonable, well-defined restrictions,'" and "did not disturb those statements or cast doubt on the prohibitions" (quoting *Bruen*, 597 U.S. at 70)). And the Supreme Court has long held that "one who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by chal[l]enging the validity of the requirement itself." *United States v. Knox*, 396 U.S. 77, 79 (1969).

For these reasons, the Court concludes that the right to keep and bear arms under the Second Amendment does not bar the government from prosecuting Sam for allegedly making false and fictitious statements. District courts in several circuits have reached similar conclusions.[1] *See, e.g.*, *United States v. Clapp*, No. 8:23CR12, 2023 WL 6958644, at *2 (D. Neb. Oct. 20, 2023); *United States v. Ladd*, No. 2:22-CR-057-PPS-APR, 2023 WL 4105414, at *4–7 (N.D. Ind. June 21, 2023)); *United States v. Soto*, No. SA-22-CR-302-JKP, 2023 WL 1087886, at *3–6 (W.D. Tex. Jan. 27, 2023). Because Sam fails to satisfy the first prong of

---

[1] Sam acknowledges that courts in other jurisdictions have foreclosed upon arguments similar to those he makes, and that he filed the objection to preserve the issue for further review. (Obj. at 2 n.1.)

*Bruen*, the Court need not address the second prong.[2] *See United States v. Reilly*, No. CR-23-085-RAW, 2023 WL 5352296, at *3 (E.D. Okla. Aug. 21, 2023) ("[D]istrict courts appear to have uniformly stopped at the first prong of the *Bruen* test regarding a challenge to § 922(a)(6) and have not sought a historical analogue.").

Sam moves for severance from his co-defendant Donald Duane Armstrong, Jr., or in the alternative, from severance of Count 10 against Armstrong. (ECF No 47.) Armstrong pled guilty to Count 1 of the Indictment on April 16 and is awaiting sentencing. (ECF Nos. 90–91.) Based on this guilty plea, the motion to sever is denied as moot.

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Sam's Objection (ECF No. 82) is OVERRULED;

2. The Report and Recommendation (ECF No. 76) is ACCEPTED;

3. Sam's motion to dismiss the indictment (ECF No. 41) is DENIED; and

---

[2] Nor does the Court reach Sam's materiality argument, which assumes that Section 922(g) is unconstitutional under the *Bruen* framework. (Obj. at 4); *see generally Abramski v. United States*, 573 U.S. 169, 172 (2014) (holding, without addressing the Second Amendment or *Bruen*, that straw purchasers can be prosecuted under § 922(a)(6) "whether or not the true buyer could have purchased the gun without the straw").

5

4.     Sam's motion to sever (ECF No. 47) is DENIED AS MOOT.

Dated: May 23, 2024                                        BY THE COURT:

                                                           s/Nancy E. Brasel
                                                           Nancy E. Brasel
                                                           United States District Judge

CASE 0:23-cr-00324-NEB-LIB   Doc. 93   Filed 05/23/24   Page 5 of 5